BRADLEY, Judge.
This appeal is the result of an order by the Circuit Court of Jefferson County granting a partial summary judgment in favor of appellee — State Farm Fire and Casualty Company. We affirm.
The appellants, Mr. and Mrs. Neumann, initiated an action against their insurance carrier, State Farm Fire and Casualty, to recover insurance proceeds for the loss of personal property destroyed by fire. The property perished while it was being transported by moving van from the couple’s former residence to their new home in Huntsville, Alabama. Prior to the date of the loss, the Neumanns had obtained insur- *802 anee coverage with State Farm Fire and Casualty. Under the terms of this policy the unscheduled personal property of Mr. and Mrs. Neumann was insured in the amount of $8,000, provided the property was destroyed by fire on the insureds’ premises. Another provision in the policy afforded coverage for unscheduled personal property while away from the premises and the extent of this coverage was limited to “an additional amount of insurance equal to 10% of the amount specified by Coverage B [coverage of personal property while on the premises] but in no event less than $1,000.”
Mr. and Mrs. Neumann contend that under this additional insurance provision they are entitled to recover $9,000. This figure represents $8,000 for the total loss of unscheduled personal property plus an additional $1,000 (or 10% of $8,000) based on the loss coverage proyided for the property because it was destroyed while away from the premises of the insureds.
The circuit court rejected the Neumanns’ contention and found for the insurer. In granting a partial summary judgment on the insurer’s motion to dismiss the suit, the circuit court held that State Farm’s liability on the policy was limited to a sum equal to ten percent of the amount specified for coverage of personal property destroyed while away from the insureds’ premises provided, however, that this coverage was not less than $1,000.
In construing the terms of the controverted policy, the circuit court relied on Catron v. State Farm Fire & Casualty Insurance Co., 420 F.2d 487 (6th Cir. 1970). The federal appeals court in Catron construed an insurance clause identical to the one in question here; likewise, the court considered an interpretation of the clause similar to the interpretation relied upon by the Neumanns in the instant case. The arguments of the insured were rejected in Catron and the court concluded that the policy coverage was limited to the damage which occurred while the property was away from the premises of the insured. Moreover, the court held that the insured was not entitled to the additional proceeds provided for under the provision dealing with coverage while the property remained on the insured’s premises. We believe this to be a sound decision.
Our study of the insurance policy convinces us that the circuit court correctly interpreted its terms.
The language of the policy providing an “additional amount of insurance” did not entitle the Neumanns to receive the $8,000 which was recoverable in the event of on-premises damages plus the amount which was recoverable if the property was destroyed after it had left the property of the insureds. Instead, the policy’s terms merely indicated that in addition to insurance for on-premises damage, the policy also provided insurance coverage for damages occurring off-premises. There is no dispute in this case that the Neumanns’ furniture was destroyed after it had been removed from their property. Accordingly, the only portion of the policy which they were entitled to recover under was that portion which dealt with losses occurring off-premises. Coverage under the off-premises provision was limited to $1,000. The trial court held that the Neumanns’ potential recovery was limited to that amount and the court’s holding was correct. Consequently, the court did not err in granting a partial summary judgment in favor of State Farm Fire and Casualty.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.